AMZI G. SMITH, RESPONDENT, v. THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, APPELLANT.

JOHN H. ORT, RESPONDENT, v. THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, APPELLANT.

Submitted July 10, 1916—Decided November 20, 1916.

Where the testimony of the plaintiffs presented a case from which the jury might reasonably infer that the destruction of the plaintiffs' timber land was due to a fire which originated in an accumulation of combustible matter upon defendant's right of way, ignited by defendant's locomotive, and the defendant presented proof to show that its engine was provided with the latest and most approved methods of arresting sparks and preventing fires, it was not error for the court to refuse to charge in effect that the care thus exercised by defendant relieved it of liability, or that the care it exercised in the supervision of its roadbed and right of way in effect exempted it from liability, since those questions presented the issue in the case and were for the determination of the jury.

On two appeals from the Morris County Circuit Court.

For the respondents, *William C. Gebhardt.*

For the appellant, *Frederic B. Scott.*

The opinion of the court was delivered by

MINTURN, J.   The two cases were tried together, and involved the liability of the railroad company, for the damage resulting from a fire, which consumed and destroyed the plaintiffs' timber lands, in the township of Mount Olive, in the county of Morris.

Having introduced testimony from which the jury might infer that the damage was caused by fire emitted from the defendant's locomotive, which settled upon the defendant's right of way, and then ignited leaves, grass or other combustible matter, and eventually spread to the property of these plaintiffs, causing the damage complained of, the plaintiffs, after submitting proof of the damage, rested their cases.

The defendant met the case thus presented with proof tending to show that the right of way was clear of combustible material, and that the screen in use upon the engine was of a standard type in common use among railroads at the time, and was the product of the most recent experience in that line of human endeavor; that the screen and ash pans were in good condition, and that even the most approved type of screen could not be made absolutely spark proof while an engine was in course of successful and practical operation.

The defendant then moved for the direction of a verdict in its favor upon two grounds, the refusal of which by the trial court presents the basis of this appeal.

The court was requested to direct the jury in the language of the request as follows: "That the defendant, in the words of the statute, having adopted all practical means to prevent the communication of fire from its engine, such evidence rebuts the *prima facie* case of the plaintiffs, that the injury was communicated from an engine, in violation of the statute; and this, irrespective of the credibility of its witnesses on said subject, or the matter of the preponderance of the evidence.   In view of which facts the *prima facie* case of the plaintiffs had been rebutted."

The second request was as follows: "That the uncontradicted evidence in the case showed that the defendant took all practicable means to prevent the communication of injury

to the plaintiffs' property, by the escape of fire from its engine, which is evidenced by having installed in said engine a screen or spark arrester of common design, in general use and approved by experience, and having taken reasonable care to keep its lands free from combustible material."

The inherent defect of the defendant's contention, contained in the first request, is, that it, in effect, assumes the right of the court to usurp the function of the jury in determining the very fact in issue, *i. e.,* whether the defendant used due care to keep its right of way free from combustible material. The inquiry presented the gravamen of the case. The request also assumed as a legal proposition that because the proof upon the part of the defendant tended to show a' *ne plus ultra* condition of its locomotive and appliances, damage resulting to the plaintiffs from a fire originating upon the defendant's right of way, was *damnum absque injuria* and placed the defendant beyond the zone of culpability and responsibility.

The question thus presented is not *de novo* in this court. It was exhaustively and learnedly considered by Mr. Justice Depue in the case of *Delaware, Lackawanna and Western Railroad Co.* v. *Salmon,* 39 *N. J. L.* 299, where it was declared that a railroad company is bound to keep its tracks free from combustible matter, whereby fire may be communicated from its locomotives to adjoining property, even though there was no allegation that the engine from which the coals were dropped or thrown was improperly constructed or driven.

The second request was not dealt with in the briefs, and may therefore be considered as abandoned. It presents no concrete legal proposition for the consideration of the court, but contains a congerie of facts which the defendant would have the trial court assume as proved or admitted. It assumes, as its major premise, that "the uncontradicted evidence in the case," *inter alia,* demonstrated that the defendant had "taken reasonable care to keep its lands free from combustible material."

It will be observed that the request was tantamount to declaring that the plaintiff has failed to make a *prima facie* case; and that the issue of fact presented by the pleadings and the testimony must be accepted by the jury, from the viewpoint of the defendant, so as to acquit it of the charge of tort-feasance in the care and management of its right of way. Manifestly, the consideration of that fact was for the jury, and the trial court was correct in so dealing with it.

The argument of counsel for the defendant makes it apparent that what he desired the trial court to charge was that if the jury should find that the spark which was emitted by the locomotive passed direct to the plaintiffs' land and caused the fire, their verdict, in view of the testimony of the witnesses for defendant (that under the most perfect conditions a spark could escape through the screen and inflict damage if it should light direct upon the plaintiffs' land), must be for the defendant.

This, however, the court was not requested to charge. The request that was made did not eliminate the intermediate contributing factor of the defendant's right of way, and the possibility that the fire might have originated thereon, which, as we have pointed out, was clearly a jury question. We express no opinion as to the soundness of the abstract proposition which counsel has thus presented which, as we have shown, forms no part of the concrete case before us.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ. 14.

*For reversal*—None.